**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEWIS ALLEN WRIGHT,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:07-CV-410-Y** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B.  PARTIES

Petitioner Lewis Allen Wright, TDCJ #776430, is in custody of the Texas Department of

Criminal Justice, Correctional Institutions Division (TDCJ), in Tennessee Colony, Texas.


Respondent Nathaniel Quarterman is the Director of the TDCJ.

### C.  FACTUAL AND PROCEDURAL HISTORY

Wright is serving a twenty-year sentence on his 1997 state court conviction for aggravated

sexual assault of a child under fourteen in the Criminal District Court Number Two of Tarrant County, Texas, Case No. 0582008D. (Petition at 2.) By way of this petition, Wright challenges TDCJ's calculation of his sentence and his continued incarceration. Wright pursued administrative time credit dispute resolution through the prison and state habeas relief to no avail. *See* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004); TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005). Wright filed this federal petition for writ of habeas corpus on July 3, 2007.[1] *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (providing pro se habeas petition filed when petition is delivered to prison authorities for mailing). Quarterman has filed a motion to dismiss the petition as successive or, alternatively, as time-barred.

## D. ISSUES

In eight grounds, Wright essentially claims that he is entitled to release under state law because his combined flat, good, and work time credits exceed his twenty-year sentence and that TDCJ's failure to apply his earned work time credits toward completion of his sentence and his work assignment, without compensation, violates his constitutional rights. (Petition at 7-8 & Attachment.)

## E. SUCCESSIVENESS

Quarterman asserts the instant petition is an improper successive petition warranting dismissal under 28 U.S.C. § 2244(b)(4) because Wright could have known the effect of the relevant law as it relates to his eligibility for early release when he filed his first federal petition, and, thus, he should have raised his current claims in his first petition. (Resp't Motion to Dismiss at 4-5.) A prisoner's habeas corpus petition, however, is not "successive" simply because it follows an earlier

---

[1]Wright has filed one previous federal petition for writ of habeas corpus in this court, Civil Action No. 4:01-CV-162-Y, in which he challenged his 1997 state conviction. That petition was dismissed with prejudice as untimely on November 14, 2001.

federal petition. *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A later petition is successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise constitutes an abuse of the writ. *Id.* at 837; *In re Cain*, 137 F.3d 234, 235-36 (5th Cir. 1998). In his first federal petition, Wright challenged the validity of his state conviction. In his current petition, Wright seeks relief from postconviction, postsentence administrative action by TDCJ and/or the Board in computing his sentence, denying his early release, and assigning him to a work program. Therefore, this petition is not impermissibly successive. *See In re Cain*, 137 F.3d at 236.

E. STATUE OF LIMITATIONS

In the alternative, Quarterman asserts the instant petition is untimely under the federal statute of limitations. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of

due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (D), applicable to this case, the limitations period began to run on the date Wright could have discovered, through the exercise of due diligence, the factual predicate of his claims. *See, e.g., Heiser v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (Table, No. 00-14008); *Biggins v. Dretke*, No. 3:03-CV2005-P, 2004 WL 1898255, at *2 (N.D. Tex. Aug. 24, 2004) (not designated for publication); *Tweedy v. Dretke*, No. 4:03-0520-A, 2003 WL 22724659, at *3 (N.D. Tex. Sept. 15, 2003) (not designated for publication). The state records reflect that Wright was aware of his time-credit and sentence-computation claims at least as early as April 7, 2004, when he dated his first time credit dispute resolution form seeking administrative relief. *Ex parte Wright*, State Habeas Application No. 41,640-04, at 32, 49-50. Thus, the federal statute of limitations began on Wright's claims on April 7, 2004, and closed one year later on April 7, 2005, subject to any applicable tolling. Allowing for tolling during the pendency of Wright's two administrative proceedings and his state habeas proceeding, the limitations period was extended 842 days, making his petition due or before July 20, 2007.[2] Thus, Wright's petition, filed on July 3, 2007, is timely.

F. DISCUSSION

---

[2]Quarterman argues that if tolling is allowed during the pendency of the time credit dispute resolution process, the limitations period should only be tolled 180 days under the applicable state statute. (Resp't Motion to Dismiss at 7 n.2.) *See* TEX. GOV'T CODE ANN. § 501.008(d) (Vernon 2004) (providing inmate may not file claim in state court until inmate receives written decision from highest authority in grievance system or, if no written decision is received, 180 days after the grievance is filed). The argument, however, is unpersuasive.

A habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Bd. of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, if a right exists, it necessarily arises under state law.

Under Texas law in effect then and now, Wright is not, and never was, eligible for release on mandatory supervision based on his conviction for aggravated sexual assault of a child. *See* Act of May 25, 1987, 70th Leg., R.S., ch. 384, §6, 1987 Tex. Gen. Laws 1887, 1889 (current version at TEX. GOV'T CODE ANN. § 508.149 (Vernon 2004)); *Ex parte Wright*, State Habeas Application No. 41,640-04, at 56. Thus, he has no cognizable claim in a § 2254 proceeding that he is entitled to release on mandatory supervision. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997).

Further, the decision to parole or not to parole is discretionary under Texas law. *See id.* at 768. Texas parole statutes, past and present, do not create a protectible liberty interest which would implicate constitutional considerations. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana*, 65 F.3d at 32. Thus, while a petitioner may be eligible for parole, the failure of the Board to grant parole does not merit federal habeas relief. *Orellana*, 65 F.3d at 31-32; *see also Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981).

Wright's remaining claims that TDCJ is improperly computing his sentence and that he has been forced into involuntary servitude and denied work time credits are meritless. Wright appears to believe that his good and work time credits apply to his sentence like calendar time and his sentence may be discharged in a shorter period of time because of the application of those time

credits. Texas law specifically prohibits such an application of those time credits. *Ex Parte Hallmark* 883 S.W.2d 672, 674 (Tex. Crim. App. 1994); *Palmer v. Texas Bd. of Paroles*, 89 Fed. Appx. 857 (5th Cir. Dec. 10, 2003) (not selected for publication in the Federal Reporter). Instead, good and work time credits do not reduce an inmate's sentence but relate only to eligibility for early release. *See* TEX. GOV'T CODE ANN. § 498.003(a) (Vernon 2004). Finally, Wright has been duly convicted and sentenced and Texas law clearly provides Texas prison officials with the ability to force inmates to work to the extent the inmate is physically and mentally capable. *See id.* § 497.099(a); *Alli v. Johnson*, 259 F.3d 317, 318 (5th Cir. 2001).

Wright has not demonstrated a violation of a federal constitutional right and is not entitled to federal habeas relief.

## II. RECOMMENDATION

It is recommended that Quarterman's motion to dismiss, all motions not previously ruled upon, and Wright's petition for writ of habeas corpus be DENIED.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 23, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 23, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 2, 2007.


        /s/    Charles Bleil
        CHARLES BLEIL
        UNITED STATES MAGISTRATE JUDGE